UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

    Plaintiff,

                                      Case No. 25-cv-12345
v.                                    Hon. Matthew F. Leitman

UNITED STATES FOOD AND DRUG
ADMINISTRATION,

    Defendant.

_____/

**<u>AMENDED ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND (2) DISMISSING ACTION WITHOUT PREJUDICE</u>**

On July 29, 2025, Plaintiff Denzel Early filed this action against Defendant United States Food and Drug Administration, Detroit Division (the "FDA"). (*See* Compl., ECF No. 1.) Early also filed an application to proceed *in forma pauperis*. (*See* Application, ECF No. 2.) The Court has reviewed the Complaint and application. The application to proceed *in forma pauperis* is **GRANTED**. However, the Court will summarily dismiss the Complaint on the basis that it fails to state a claim on which relief can be granted. Therefore, for the reasons explained below, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state

1

a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

The Court concludes that it must dismiss Early's Complaint on the basis that it fails to state a claim upon which relief may be granted.  Early's Complaint alleges that the FDA has had an "ongoing role in approving and promoting misinformation, artificial substances, and regulatory policies that have resulted in disproportionate harm to African-descendant and Indigenous communities." (Compl., ECF No. 1, PageID.1.)  He says that the FDA's "systemic failures" have "facilitated a national food system characterized by genetically engineered produce, harmful additives, and disinformation campaigns that disconnect communities from ancestral agricultural wisdom and degrade public health." (*Id.*)  He cites an "explosive increase in obesity and diet-related illness" and says that "today[']s food system contributes to violence

and fratricide" as well as "psychological instability, aggression, and increased behavioral disorders." (*Id.*, PageID.1-2.)  Early "contrast[s]" today's "food system" with that of "his ancestors[,] including Baka (West Indies) people," who "subsisted on food systems based on harmony with nature, consuming only fruits from female-bearing trees, growing multi-colored watermelons, and preserving the seeds of all plants for sustainability and spiritual continuity." (*Id.*, PageID.2.)

Early asserts three claims.  First, Early brings claims under 42 U.S.C. § 1983, arguing that the FDA violated his civil rights when it "deprived [him] and his community of culturally appropriate, safe, and non-toxic food access, disproportionately burdening African-descended and Indigenous peoples." (*Id.*)  Second, he seeks to assert a claim for "regulatory negligence and misinformation," stating that the FDA "allow[s] deceptive advertising and insufficient labeling controls" and has therefore "failed its mandate to protect public health and has contributed to widespread misinformation." (*Id.*)  Finally, Early brings a claim for "Violation of International Obligations," citing the United Nations General Assembly "Proclamation of the Second International Decade for People of African Descent." (Compl., ECF No. 1, citing United Nations General Assembly Resolution 79/193, https://docs.un.org/en/A/RES/79/193.)  His Complaint fails to state a claim upon which relief can be granted.

Early's Complaint fails to state a claim upon which relief may be granted because he fails to plead specific factual allegations in support of each claim. While the Court construes Early's *pro se* Complaint liberally, that liberal construction does not relieve him of the requirement to plead facts in support of his claims. Early does not identify any actual practices of the FDA, discriminatory or otherwise, to support his claims. He refers broadly, for example, to "today's food system," "industrialized food design" and a "regulatory failure to prohibit toxic compounds and enforce transparency." (Compl., ECF No. 1.) Early fails to plead sufficient factual allegations to enable the Court to discern a plausible claim for relief, and he therefore fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Early's claim based upon the United Nations resolution fails for at least one additional reason. United Nations resolutions, such as the one Early identifies, are "simply a statement of principles and not a treaty or international agreement that would impose legal obligations on the United States or its citizens," and as such, "provide[] no private right of action for individual litigants in federal court." *Nix v. NASA Fed. Cred. Union*, 200 F.Supp.3d 578, 590 (D. Md. 2016); *see also Lizalde v. Goldberg*, 790 F. App'x 217, 217 (D.C. Cir. 2019) (affirming dismissal of complaint based on United Nations resolution on the basis that it created no "legal obligations

4

or private civil cause of action"); *Siyu Yang v. Ardizzone*, 540 F.Supp.3d 372, 378 (W.D.N.Y. 2021) (same).

For all of the reasons explained above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.  Because the dismissal is without prejudice, Early may file a new Complaint with a more detailed statement of his claims.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126